ALICE J. MITCHELL, AS ADMINISTRATRIX, ETC., OF SARAH
E. MITCHELL, DECEASED, APPELLANT, v. HORACE B.
PIKE AND PETER MITCHELL, RESPONDENTS.

ALICE J. MITCHELL, AS ADMINISTRATRIX, ETC., OF SARAH
E. MITCHELL, DECEASED, RESPONDENT, v. HORACE B.
PIKE AND PETER MITCHELL, APPELLANTS.

*City Court of Yonkers — appeals from judgments of — chapter* 186 *of* 1878.

Section 56 of chapter 186 of 1878 provides that appeals from the City Court of
Yonkers may be taken as follows :
"From judgments in actions where a recovery of less than $200 was demanded
in the complaint  *  *  *  *  the appeal shall be to the County Court of West-
chester. From judgments in actions where a recovery of $200 or more was
demanded  *  *  *  *  appeals *may* be taken to the General Term of the
Supreme Court."
*Held*, that the word "may" in the second sentence meant "must."
That in determining the amount claimed the interest, accrued at the time of
commencing the action, upon the principal sought to be recovered must be
included.

APPEAL from an order of the County Court of Westchester
county, denying a motion to dismiss an appeal from an order of
the City Court of Yonkers, refusing to set aside a judgment entered
in an action therein, and from an order of the said County Court
affirming said order of the City Court of Yonkers.

*Ralph E. Prime*, for the plaintiff, appellant and respondent.

*Wm. Romer*, for the defendants, appellants and respondents.

BARNARD, P. J. :
The plaintiff recovered a judgment against the defendants for
$235.49, on the 14th March, 1876, in the City Court of Yonkers.
In May, 1878, the defendants moved in the City Court to set
aside the judgment for the reason that the court had no juris-
diction of the action. The City Court denied the motion, and
the defendants appealed to the County Court of Westchester
county from this order. The plaintiff moved to dismiss the

appeal in the County Court because the County Court had no jurisdiction of the appeal, and the defendants noticed the appeal in the same court for hearing. The County Court heard the motion to dismiss and denied it, and at the same time heard the appeal, and affirmed the order of the City Court. The plaintiffs appealed from that part of the order which refused to dismiss the appeal to the County Court, and the defendants appealed from the remaining part of the order which affirmed the order of the City Court of Yonkers. The defendant has not presented or served his papers on this appeal, and the same must, therefore, be dismissed, with costs for that reason.

· The sole question presented by the plaintiff's appeal is whether the appeal could be legally taken to the Westchester County Court. The complaint demanded the recovery of a principal sum with interest. The principal sum was less than $200, but including interest it exceeded that sum at the time of the commencement of the action. The recovery was for the damages demanded in the complaint and was $208.84. By chapter 186, Laws of 1878, an appeal from the City Court of Yonkers, in cases "where a recovery of less than $200 was demanded in the complaint, and from orders made in such actions," * * * "*shall* be to the County Court." In cases when "a recovery of $200 or more was demanded in the complaint, and from orders made in such actions, appeals *may* be taken to the General Term of the Supreme Court." Interest was part of the demand. (*Josnez* v. *Conner*, Court of Appeals [MSS., Nov., 1878]). The word "may" of necessity in the act in reference to appeals, when the recovery of over $200 was demanded, means "must." No appeal is given to the County Court at all, except when less recovery is demanded than $200. Without the other clause in relation to actions, wherein the recovery demanded was $200 or over, there would be no appeal provided for at all. In such cases an appeal may be brought to the Supreme Court; if not taken then under this clause, it can be taken nowhere else. The County Court, therefore, erred in refusing to dismiss the appeal, and the part of the order appealed from must be reversed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Appeal by defendants dismissed, with costs for non-service of papers, and part of order appealed from by plaintiff reversed, with costs and disbursements.